**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2418

RONALD BOURDEAU, ET AL.,

Plaintiffs, Appellants,

v.

A. T. WALL, RIDOC DIRECTOR,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

Before

Torruella, Lipez and Howard,
Circuit Judges.

Ronald Bourdeau and Anthony P. Meo on brief pro se.
Patrick C. Lynch, Attorney General, and Thomas A. Palombo,
Assistant Attorney General on Memorandum in Support of Motion for
Summary Disposition.

October 12, 2004

**Per Curiam**.  Appellants Anthony Meo and Ronald Bourdeau, inmates at the Adult Correctional Institution in Rhode Island, appeal from the district court's grant of summary judgment in favor of Ashbel T. Wall, Director of the Rhode Island Department of Corrections.  By order dated October 8, 2003, the district court accepted the September 11, 2003 Report and Recommendation of a magistrate judge, recommending the grant of summary judgment.  We affirm, agreeing substantially with the reasoning in the Report that the undisputed facts showed no deliberate indifference to appellants' health and welfare on Wall's part.  Some months after appellants filed their complaint asserting that they were being injured by environmental tobacco smoke at the prison, Wall announced a new policy that would totally ban the use of tobacco products at the prison as of February 2003.  Moreover, as long ago as October 1999, he had authorized an investigation into the possibility of totally banning such products.

In the following, we briefly address the appellants' arguments directed to this issue.  Our appellate standard is well-known.  Rosen Construction Ventures, Inc. v. Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., 364 F.3d 399, 404 (1st Cir. 2004) (court reviews grant of summary judgment de novo and summary judgment is proper where the record discloses "no genuine issue as to any material fact and that the moving party

is entitled to judgment as matter of law") (citing Fed. R. Civ. P. 56(c)).

1. Appellants dispute certain facts, which were included in Wall's statement of undisputed facts to the district court. They also claim that Wall's failure to respond to certain grievances they filed in the fall of 2001 regarding the environmental tobacco smoke in their unit shows his deliberate indifference to their health and welfare. But they fail to elaborate adequately on either argument, and we have found nothing in the record that would suggest that Wall was deliberately indifferent to their medical or health needs.

2. Appellants contend that the district court erroneously admitted evidence that Wall had promulgated a total ban on the use of tobacco products at the prison, effective February 3, 2003. But the rule of evidence they cite is not applicable since Wall offered that evidence to show that he was not culpable as alleged. See Fed. R. Evid. 407, 1972 Adv. Comm. Notes ("Exclusion is called for only when the evidence of subsequent remedial measures is offered as proof of negligence or culpable conduct.")

3. Appellants assert that Wall knowingly violated state law declaring smoking to be a public nuisance. See R.I. Gen. Laws § 23-20.6-1 and .6-2. But his total ban on the use of tobacco at the prison was consistent with that law, as was

-3-

the earlier more limited restriction on smoking which became effective in 1995 while he was Assistant Director for Administration.

Affirmed.